# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 5:93CR30025-002 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **REGINALD DAVIS,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Reginald Davis, Pro Se.*

The defendant, proceeding pro se, has filed a motion requesting grand jury transcripts.  For the reasons that follow, I will deny the motion.

## I.

The defendant, Reginald Davis, filed the present motion requesting certain grand jury material pursuant to Rule 6 of the Federal Rules of Criminal Procedure.[1] Davis is a federal inmate serving a life sentence imposed by this court in 1994.

---

[1] Davis also seems to request testimony pursuant to 18 U.S.C. § 3500 (the Jencks Act), which provides that a defendant on trial in a federal criminal prosecution is entitled to statements of government witnesses for impeachment purposes after that witness testifies on direct examination.  To the extent Davis is requesting testimony under this statute, such a request is denied as untimely. *See United States v. Jonassen*, 759 F.3d 653, 663 (7th Cir. 2014) ("[A] request for Jencks Act material must be made *before or during tria*l; the Act provides no posttrial procedure or remedy.") (emphasis added).

II.

The general rule is that grand jury proceedings are secret. However, that rule "may be placed aside under certain circumstances to allow for disclosure." *United States v. Moussaoui*, 483 F.3d 220, 235 (4th Cir. 2007). A district court may authorize disclosure of grand jury material if such material is "in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. § 6(e)(3)(E)(i)-(ii).

> [A] party seeking disclosure of grand jury materials must make a showing of a particularized need by demonstrating that (1) the materials are needed to avoid an injustice in another proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only needed materials.

*Moussaoui*, 483 F.3d at 235 (citing *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979) (internal quotation marks omitted).

In his motion, Davis alleges that he needs certain grand jury documents because he "is in the process of an active court proceeding." Mot. Req. Grand Jury Trs. 1, ECF No. 263. Davis contends that with respect to this proceeding and his prior trial, a witness for the government provided false information, and Davis believes that such false information was also provided to the grand jury. Davis does not identify the witness or establish any other factual basis to support his proposed need for the testimony. Furthermore, although Davis seems to indicate

that he has some active case pending for which he needs the grand jury material, there does not appear to be any such case in this court. As such, there is no judicial proceeding in connection with which Davis would need the testimony, and Davis fails to demonstrate any additional grounds for providing him with secret grand jury material under Rule 6. Accordingly, Davis's motion will be denied.

## III.

For the foregoing reasons, Davis's Motion to Request Grand Jury Transcripts, ECF No. 263, is hereby DENIED.

ENTER: November 20, 2017

/s/ James P. Jones
United States District Judge