IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 5:93CR30025-003 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **REGINALD DAVIS,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Frederick T. Heblich, Jr., Assistant Federal Public Defender, Roanoke, Virginia, for Defendant.*

The defendant has filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant eligible for relief but decline to reduce his sentence.

I.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280

grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than five grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons ("BOP"), the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

While a defendant whose crack cocaine drug crime was committed before August 3, 2010, may be eligible for a reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c).

II.

The defendant was indicted with multiple co-conspirators on November 30, 1993, and charged with three counts: (1) conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii) (Count One); (2) murder in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(c)(1)(A) and 18 U.S.C. § 2 (Count Two); and (3) accessory after the fact to murder, in violation of 18 U.S.C. §§ 3 and 2 (Count Three). The government filed a notice of enhanced punishment for Count One pursuant to 21 U.S.C. § 851, due to the defendant's previous drug distribution conviction.

On July 18, 1994, the defendant was convicted by a jury of all three counts. According to the Presentence Investigation Report ("PSR") prepared in advance of sentencing, the defendant was individually accountable for at least 250 grams of cocaine base and the entire conspiracy involved approximately five kilograms of cocaine base. PSR ¶¶ 2, 8, 10, ECF No. 283. The defendant was also found to have been involved in the gunshot murders of Cecil Browning, a drug ring associate, and Avis Aylor, Browning's 20-year-old female companion. *Id.* at ¶¶ 14–16. Accordingly, he was determined to have a total offense level of 43 and a criminal history category of IV, which yielded a guideline range of life. The defendant's offense level was based on the court's reliance on the offense base level for first degree murder, on the ground that the evidence demonstrated that the murders were intentional. On October 28, 1994, the defendant was sentenced under the then-mandatory guidelines to life imprisonment on Counts One and Two, and 15 years on Count Three, all to run concurrently, to be followed by 10 years of supervised release. The defendant has served approximately 26 years of his sentence and is now 59 years old.[1]

---

[1] The defendant previously moved the court to vacate his sentence pursuant to 28 U.S.C. § 2255, moved to compel his former attorney to copy government documents and provide them to him, and moved to dismiss the Indictment. The court denied each motion and the court of appeals affirmed or dismissed the appeals of each order. *United States v. Davis*, 15 F. App'x 63 (4th Cir. 2001) (unpublished) (affirming dismissal of the defendant's post-conviction challenge to Indictment); *United States v. Davis*, 103 F.3d 121 (4th Cir. 1996) (unpublished) (dismissing appeal of order denying defendant's motion to compel);

III.

The government acknowledges that the defendant is eligible for a sentence reduction under the 2018 FSA for all three counts, including Count Two due to § 848's requirement of a § 841(b)(1)(A) violation. However, the government asserts that I should decline to reduce the defendant's sentence because there was no apparent congressional intent to alter the penalty for murder in furtherance of drug trafficking because the Act was intended to address the disparate treatment of cocaine and cocaine base rather than reduce the sentences imposed on violent offenders. Nevertheless, the government agrees that, if I were to reduce the sentence, the appropriate method to both account for the Act and the serious nature of the defendant's conduct would be to follow the analysis of *United States v. Guerrero*, 52 F. Supp. 3d 643, 651–52 (S.D.N.Y. 2014).

The government concedes that I must look to the statute of conviction to determine eligibility, rather than the drug weight actually involved in the offense. *See United States v. Wirsing*, 943 F.3d 175, 185–86 (4th Cir. 2019) (holding that "all defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii)

---

*United States v. Davis*, 173 F.3d 426 (4th Cir. 1999) (unpublished) (denying a certificate of appealability and dismissing appeal of § 2255 denial). Most recently, the defendant moved for disclosure of grand jury transcripts because he claimed a witness provided false information during his trial and may have also done so in front of the grand jury. I denied the motion because he did not identify a specific witness, he did not establish any other factual basis to support his proposed need for the testimony, and he did not have an active case pending in court. Op. & Order, Nov. 20, 2017, ECF No. 264.

and (B)(iii), and who are not excluded pursuant to the expressed limitations in § 404(c) of the Act, are eligible to move for relief under that Act").[2] Pursuant to § 404, a defendant is eligible for reduction if he was convicted of a "covered offense" before the effective date of the 2010 FSA and is not otherwise excluded by the limitations of Section 404(c).[3] I find that the defendant was convicted of covered offenses since he was convicted pre-2010 FSA of "violation[s] of [] Federal criminal statute[s], the statutory penalties for which were modified by [the 2010 FSA]." 2018 FSA § 404(a). None of the exclusions of § 404(c) apply to him.

In addition, I agree with the *Guerrero* opinion that a defendant's § 848(e)(1)(A) conviction is a covered offense because it relies on the drug quantity thresholds set by § 841 and, therefore, requires a jury finding that the defendant committed a murder in furtherance of a drug conspiracy to sell 280 or more grams of cocaine base. *Guerrero*, 52 F. Supp. 3d at 648–49. I also agree with *Guerrero*'s

---

[2] I have omitted internal quotation marks, alterations, and citations throughout this opinion, unless otherwise noted.

[3] Section 404(c) provides as follows:

LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

conclusion that the 2018 FSA does not alter the § 848(e)(1)(A) conviction, and instead makes the defendant eligible for a sentence reduction. *Id.* at 647–48 (also noting that the 2018 FSA directed the Sentencing Commission to increase the Guidelines applicable where a defendant "used violence, made a credible threat to use violence, or directed the use of violence during a drug trafficking offense").

In the present case, the grand jury found probable cause that the defendant was part of a conspiracy to distribute cocaine base and committed two murders in furtherance of the conspiracy. The grand jury did not attribute a specific drug amount in the Indictment, although the Indictment cites the statutory subsection for 50 grams or more of cocaine base.[4] Therefore, and despite the PSR's conclusion that approximately 800 grams was associated with the conspiracy and at least 250 grams was directly attributable to the defendant, the correct drug amount for the determination of the defendant's eligibility for a sentencing reduction under the 2018 FSA is the amount charged in the Indictment. This finding informs the analysis for the defendant's Counts Two and Three convictions as well, since they are also dependent on the drug quantities listed in §841. *See Id.* at 648–49. Consequently, I find the defendant eligible under the 2018 FSA on all three counts of conviction.

---

[4] The defendant is correct that the statutory reference does not cure the defect. *See United States v. Kingrea*, 573 F.3d 186, 191 (4th Cir. 2009). Regardless, I will rely on that amount for purposes of determining eligibility.

IV.

The defendant seeks a reduced sentence on all three counts of his conviction, so that his sentence would be reduced from life imprisonment to a maximum sentence of 30 years. The defendant bases this maximum on the premise that the Indictment's failure to list a specific drug amount requires his conviction to be treated as a violation of 21 U.S.C. § 841(b)(1)(C), and a recognition that the § 848(e)(1)(A) conviction cannot be vacated but it should be calculated under the second degree murder guideline rather than the first degree murder guidelines. The United States opposes any reduction due to the violence associated with the defendant's conduct.

I agree with the government that I should consider the defendant's offense conduct, and any post-conviction rehabilitation, in determining whether to reduce a sentence in accordance with the 28 U.S.C. § 3553(a) factors and the extent of any such reduction. *See Pepper v. United States*, 562 U.S. 476, 480 (2011) (noting that it is "highly relevant — if not essential — to the selection of an appropriate sentence [to possess] the full information possible concerning the defendant's life and characteristics"). I have carefully reviewed the defendant's PSR, his education and disciplinary data while in federal prison, and the briefs filed by counsel.

The defendant has a long criminal history dating to age 15, including multiple assaults, drug distribution, and drug possession. At the time of the defendant's arrest

for drug conspiracy and murder, he was on probation for assault and had numerous pending charges in other jurisdictions. The defendant left school while in the ninth grade, but later received his GED while incarcerated. The defendant has a history of substance abuse but no mental health issues. Despite his criminal history, the defendant had not experienced a period of incarceration of more than six months before his current sentence. While the vast majority of his infractions while in BOP custody occurred prior to 2006, the defendant has had numerous serious infractions. He has a very limited employment history.

In addition to his prior criminal record and disciplinary record with BOP, the facts supporting the underlying conviction detailed in the indictment and PSR are serious in nature. The defendant was a high-level member of his brother's crack cocaine trafficking network that operated within the Front Royal, Virginia, and Washington, D.C., areas. PSR ¶¶ 8–10, ECF No. 283. The defendant personally traveled to Washington on at least two occasions to pick up approximately 125 grams of crack cocaine and then returned to Front Royal for resale. *Id.* at ¶10. Over the course of the conspiracy, the enterprise distributed at least five kilograms of crack cocaine in the Front Royal area. *Id.* at ¶ 8.

The defendant also collected drug debts for his brother's trafficking organization, and he had other coconspirators with firearms assist him with the collection process. *Id*. at ¶12. This role eventually gave rise to the two murders that

are the basis of Count Two. The defendant and another coconspirator shot the victims at close range for failure to pay a drug debt, after previously stabbing and threatening one of the victims for his failure to pay. *Id.* at ¶¶ 14–15.

Considering these facts and the § 3553(a) factors, including the need for deterrence and to protect the public, I find that the defendant's sentence should not be reduced, nor will I reduce his term of supervised release.

Accordingly, it is hereby **ORDERED** that the defendant's Motion to Reduce Sentence, ECF No. 282, is DENIED.

ENTER: March 9, 2020

/s/ *JAMES P. JONES*
United States District Judge